UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LESLIE RASPBERRY,<br><br>      Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Commissioner of Social Security,<br><br>      Defendant. | Case No. 22-cv-236-RMM |

**MEMORANDUM OPINION**

Leslie Raspberry brought this case seeking judicial review of a decision of the Commissioner of Social Security (the "Commissioner") to deny her Disability Insurance Benefits. *See* Compl. ¶¶ 2–4, ECF No. 1. She moved for entry of a judgment reversing the Commissioner's decision or, in the alternative, remanding the decision for further administrative proceedings, on the theory that the Commissioner's decision was arbitrary and capricious and was not supported by substantial evidence. *See* Mot. for J. of Reversal, ECF No. 12. Rather than respond to Ms. Raspberry's motion, the Commissioner filed a Motion to Remand, requesting that the Court remand Ms. Raspberry's claim "so that the Commissioner may remand the claim to an administrative law judge to hold a new hearing and issue a new decision." Def. Mot. for Remand at 1, ECF No. 13. Ms. Raspberry does not oppose the Commissioner's motion. *See id.*

This Court has "the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing" pursuant to the fourth sentence of 42 U.S.C. § 405(g). A sentence-four remand is appropriate only in conjunction with a final judgment on the Commissioner's decision to deny benefits. *See Melkonyan v. Sullivan*, 501 U.S.

89, 99–100 (1991).  For that reason, a "substantive ruling on the correctness of [the Commissioner's] decision" is a "necessary prerequisite to a sentence-four remand."  *Krishnan v. Barnhart*, 328 F.3d 685, 692 (D.C. Cir. 2003) (citing *Melkonyan*, 501 U.S. at 98–101).

The Commissioner has conceded that her decision was incorrect in this matter.  Under this Court's local rules, when an argument is advanced in support of a motion and the opposing party fails to counter the argument in a timely opposition brief, the court may treat the argument as conceded, even if the result is dismissal of the entire case.  *See* Local Civil Rule 7(b); *Stephenson v. Cox*, 223 F. Supp. 2d 119, 121 (D.D.C. 2002) (collecting cases); *Bancoult v. McNamara*, 227 F. Supp. 2d 144, 149 (D.D.C. 2002) (same).  The Commissioner's response to Ms. Raspberry's Motion for Judgment of Reversal was due by January 23, 2023.  *See* Dec. 1, 2022 Min. Order.  The Commissioner has not filed an opposition.  She has thus conceded the arguments in Ms. Raspberry's motion and brief in support.

Judge Randolph D. Moss referred this case to the undersigned for all purposes.  *See* Nov. 3, 2022 Min Order.  For the reasons set forth above, it is hereby **ORDERED** that Ms. Raspberry's Motion for Judgment of Reversal is **GRANTED**.  Consistent with sentence four of Section 405(g) and the Commissioner's unopposed motion for remand, it is further **ORDERED** that the Commissioner's Motion for Remand is **GRANTED**, and this matter shall be **REMANDED** for further administrative proceedings.

Date:   February 21, 2023

                                          ROBIN M. MERIWEATHER
                                          UNITED STATES MAGISTRATE JUDGE